JEFF WADE, EMPLOYEE, RESPONDENT, v. E. L. MARKHAM, EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY COMPANY, INSURER, APPELLANTS.

Springfield Court of Appeals. March 29, 1933.

*Carter, Jones & Turney* and *George A. McNulty* for appellants.

No brief for respondent.

ALLEN, P. J.—The matter in issue comes to this court on appeal, by the defendants, from the judgment of the Circuit Court of Pemiscot County, in a Workmen's Compensation case.

On July 9, 1931, respondent, Jeff Wade, employee, filed his claim for compensation against E. S. Markham, employer, and the United States Fidelity and Guaranty Company, insurer.

The undisputed facts in the case are that employee, on May 18, 1931, was working for employer on Highway 84, near Caruthersville, Mo., and was injured while cutting a piece of steel used in reinforcing concrete, when some slivers flew from the steel, striking him in the left eye.

On September 23, a hearing was had on employee's claim before Referee Jennings of the Workmen's Compensation Commission, and thereafter on November 2, Referee made an award for temporary total disability, in favor of the employee for 2 4/7 weeks at $6.41 per week, or in the total sum of $16.48, and further found as follows:

"It is my further opinion the disability in the left eye at this time was neither caused nor aggravated by the above accident."

On November 17, 1931, at a hearing on review by the whole commission, the award by the Referee was affirmed, from which finding employee appealed to the Circuit Court of Pemiscot County, where upon hearing in this case had on the 28th day of May, 1932, the circuit court found as follows:

. . . "That said award and finding of the commission is not based upon sufficient competent evidence and the records to support the finding of the commission, and that the commission erred, as a matter of law, in its conclusion upon the evidence, and that under all of the substantial evidence in the case the injuries to complainant's left eye, as aforesaid, is and was a permanent disability to the left eye and that the same was a result of the injuries so received by him in the course of his employment, as aforesaid, and that the commission erred therefore in allowing compensation for only 2 4/7 weeks. There is no competent substantial testimony to support this portion of the findings of the commission and that under the law complainant is entitled to compensation for a period of 108 weeks to commence on May 18, 1931.

"Wherefore, it is ordered, adjudged and decreed by the court, that the complainant, Jeff Wade, have and recover of defendant, E. L. Martin and from E. L. Martin and United States Fidelity and Guaranty Company, the sum of $6.41, every week, for a period of 108 weeks, payable weekly, beginning May 18, 1931, and that plaintiff further have and recover from defendant the cost of this appeal."

Whether the disability of employee after a 2 4/7 weeks from the date of his injury May 18, 1931, was the result of his injury, is the sole question involved in this case.

The sum total of testimony and evidence in the case was that which was heard and seen by the Referee on the hearing before him on September 23, 1931, which was afterwards considered on review by the whole commission.

Jeff Wade, employee, testified that his eye was injured while he was cutting a piece of steel that was sticking out of some reinforced concrete pavement; when he had cut nearly through with a hack saw, he struck the end of the steel with a hammer and some slivers of steel flew up and struck him in the left eye. He went to Dr. C. W. Brown, of Caruthersville, who removed from his eye what the doctor said were three little pieces of steel.

That at the time of the hearing anything as far off as twenty feet was a blur. That he could not recognize a person as far away as twenty feet. That he had never had any trouble with his left eye before the injury; that his eye was getting worse; that he had never tested his eye before the accident, only shooting a gun, had never had any trouble seeing out of his left eye. However, on cross-examination, the following question was asked employee:

"Q. And I asked you when you had occasion to use that eye before the accident, alone? A. Well, I don't know I had any occasion, in a way only just be a sighting down anything or in an object, I would have to use the other eye."

Ben Wade, his father, and Myrtle Wade, his wife, with whom he had lived about eleven years, each testified that they had never heard of or seen anything wrong with his left eye. Also Lester Butler, who had known plaintiff for about eleven years, testified to the same.

On behalf of defendants, Dr. Brown, who first treated plaintiff, saw him on the day of the injury and treated his eye for about three weeks after, testified that he specialized in the eye, ear, nose and throat work. That the steel entered plaintiff's eye on the inner aspect of the pupil, which is between the sight of the eye and the nose. That after the inflammation had subsided and the eye had healed, he examined it with the ophthalmoscope, to find why the patient did not see good out of his left eye. That he found no evidence of a hemorrhage; that his opinion was and is that the claimant's loss of vision was due to degeneration around the root of the optic nerve, which was not recent and that it could not have occurred between

the date of the injury and the date of giving his testimony, and that no permanent disability resulted from the accident. That a degenerative process of the optic nerve may go on and the patient not know it until something happens and his attention is called to it.

Dr. Roy Mason, of St. Louis, who qualified as a specialist in diseases of the eye, testified that he examined Mr. Wade's eyes on July 24, 1931, "found a diseased spot in the macula, that the macula is a spot situated in the retina where vision comes to a focus. It is the sensitive spot in the retina that we use when looking at an object. That there was another diseased spot in the retina, which involved the choroid, which is three times the size of the optic disc. This showed a pigment deposit and was a typical chorioretinitis. That was about all the pathology there was in the man's eye; his visual acuity was 20/200; he was not able to register any near vision of importance. I got the history of the accident that he gave us, that a sliver of steel got into his left eye while he was working on May 18th. He told me he had been treated by Dr. Brown of Caruthersville.

"The diseased spot in the retina accounts entirely for the loss of vision which is due to the diseased area in the macula and the cause of the disease is some local infection which he has had and do not think the accident had any connection with this man's loss of vision."

Upon the foregoing evidence the Referee based his finding, that the disability in the left eye of plaintiff was neither caused nor aggravated by the accident. That the evidence is conflicting. There can be no well founded doubt, that it was competent is clear, and that it was sufficient if credible, we cannot reasonably dispute. However, much we may be tempted at times to doubt the judgment of the trier of the facts, yet our path in compensation cases, is by the Act itself made definite and certain. The weight of the testimony is reserved to the Compensation Commission alone. To the circuit courts and the appellate courts in compensation cases is given the responsibility of determining questions of law only, and no sort of personal opinion, as to the weight of the evidence, or which side should have the verdict will justify us in assuming a prerogative that is especially forbidden by the statute. Therefore, we cannot concur with the learned circuit judge in his finding in this case. Though convinced of his sincerity of opinion and purpose, yet since the evidence in the case is both competent and conflicting, fraud is absent and the finding of the commission is within its power. Therefore, under the law it is conclusive and binding upon the circuit court and this court as well, and must be upheld.

In support of the foregoing statement of the law in such cases, appellants in their brief have cited a large number of recent authorities, which in the light of their universality, need not be here enumerated. Suffice it to say that about the last utterance upon the subject

is by the St. Louis Court of Appeals, in the case of Tassi v. A. C. L. Hosse & Sons Fish Co., 56 S. W. (2d) 797, 3, l. c. 800.

As was said in the above case, we must hold that there is sufficient competent evidence to support the award of the commission, in this case, that the permanent loss of vision suffered by claimant, except for which claimant was by the Referee and commission allowed compensation, was not the result of the accident arising out of and in the course of his employment by defendant.

Therefore, the judgment of the circuit court is reversed and the cause is remanded, with directions to enter judgment, affirming the award of the Workmen's Compensation Commission. *Smith* and *Bailey, JJ.*, concur.